quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7535**

WRITER'S EMAIL ADDRESS
**hopeskibitsky@quinnemanuel.com**

July 25, 2024

<u>VIA ECF</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

Re:   *Alloway, et al. v. Bowlero Corp. et al.*, Case No. 2:24-cv-04738-JS-JMW
       Request to File Rule 12(b) Motions & Request for an Extension of Page Limits

Dear Judge Seybert:

Pursuant to this Court's Individual Rule III(B)(1), Defendants Bowlero Corp. ("Bowlero"), AMF Bowling Centers, Inc. ("AMF"), and Bowlmor AMF Corp ("Bowlmor") (together, the "Defendants") respectfully request a pre-motion conference regarding their intent to move to dismiss the Complaint for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)) and failure to state a claim (Fed. R. Civ. P. 12(b)(6)). Given the length of the 148-page Complaint and the fact that Defendants intend to seek dismissal of all 75 Plaintiffs, Defendants also request permission for an additional 10 pages of briefing. Individual Rule III(E)(1).

On July 8, 2024, 75 former employees filed this action through their counsel at Dowe Partners LLC (the "Dowe Firm"). This action follows nearly ***a decade*** of Plaintiffs and the Dowe Firm's failed attempts to extract an exorbitant, unearned parting windfall from Defendants, including a 2017 filing in New York State Court, on behalf of ***70*** of the same Plaintiffs herein. That action was dismissed in 2019, with a sanction against attorney Daniel Dowe for, *inter alia*, "undertak[ing] questionable legal strategies" with "no clear purpose other than to force defendants [including Bowlmor and AMF] to the bargaining table by holding them hostage with the threat of punishing financial hardship." This action, likewise, is meritless. Defendants' anticipated arguments for dismissal follow.

**I.     Plaintiffs Admit that Their Claims Are Untimely**

As a prerequisite to filing claim under the Age Discrimination in Employment Act, a plaintiff must have filed a Charge of Discrimination ("COD") with the Equal Employment Opportunity Commission ("EEOC") within either 180 or 300 days from the day the alleged discrimination occurred, depending on the existence of any applicable state law prohibiting age discrimination and a state agency or authority that enforces an age discrimination law. 29 U.S.C. § 626(d). Alleged acts of discrimination for which CODs are filed outside that window are not

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

under the ADEA. *Jones-Kahn v. Westbury Bd. Of Educ.*, 2015 WL 1529839, at *13 (E.D.N.Y. Mar. 31, 2015) (Seybert, J.). Here, **Plaintiffs admit that there are "instances where a Plaintiff filed a COD more than 180 days or 300 days from the date of termination."** Compl. ¶ 94. But Plaintiffs do not disclose **which of their claims are untimely**. By conspicuously declining to plead the date they filed any COD, Plaintiffs do not give the Court *any* information to evaluate their timeliness. These omissions are fatal to Plaintiffs' claims.

Plaintiffs attempt to justify their untimeliness by alleging that, because they were given a purported "pretext" for an employment decision, they did not know they had allegedly been discriminated against **until Plaintiffs' counsel convinced them as much**. Compl. ¶ 93. Setting aside that this allegation undermines the integrity of their claims, pretext itself does not give rise to equitable tolling. *Syrkin v. State Univ. of N.Y.*, 2005 WL 2387819, at *26-27 (E.D.N.Y. Sept. 29, 2005); *see also Gray v. Shearson Lehman Bros., Inc.*, 947 F. Supp. 132, 135 (S.D.N.Y. 1996) ("[T]he fact that defendants may have provided other reasons for the employment actions does not justify an inference that plaintiff was misled."). Thus, the Complaint must be dismissed for failure to plead compliance with the ADEA's deadlines. *See, e.g.*, 29 U.S.C. § 626(d); *Shafi v. Barnelap Industries, Inc.*, 2010 WL 11626904, at *1 (E.D.N.Y. 2010) ("Because plaintiff's EEOC charge was filed more than 300 days after the allegedly discriminatory acts occurred, and there is no basis for equitable tolling … plaintiff's claims … are untimely and must be dismissed" with prejudice.).

## II.   No Plaintiff States A Plausible ADEA Claim

To establish a prima facie case of age discrimination under the ADEA, *each Plaintiff* must show that (1) they were within the protected age group of employees (those age 40 and over); (2) they were qualified for the position; (3) they experienced an adverse employment action; and (4) that action occurred under circumstances giving rise to an inference of age discrimination. *Epstein v. Cty. Of Suffolk*, 2015 WL 5038344, at *16-17 (E.D.N.Y. Aug. 26, 2015) (Seybert, J.). Plaintiffs bringing a discrimination claim under the ADEA must plausibly allege that "age was the but-for cause of the employer's adverse action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (cleaned up). No Plaintiff clears this bar.

Take, for example, Plaintiff Weimer, who *admits* that he was terminated following the discovery that he had been compensating a non-employee for unauthorized work by topping off the paycheck of that non-employee's spouse, Compl. ¶ 262, thus conceding he was not, in fact qualified for the role. Further, although he *admits these allegations*, Plaintiff Weimer pleads that he was terminated "because of his age." *Id.*

As another example, Plaintiff Reese alleges his employment "was terminated due to a general reduction in workforce," *id.* ¶ 222, and does not deny there was in fact a reduction in force. *See also* ¶ 252 (Plaintiff Valentine alleging termination because "his position was eliminated"). Plaintiff Reese's only additional allegation is that "younger, much less experienced managers retain[ed] their positions" and that he was replaced by a person who was "much younger and had very little experience[.]" *Id.* ¶ 222. These vague allegations do not give rise to an inference of discrimination, particularly where Reese has not alleged that the unspecified employees who remained were outside the protected class. *See Pustilnik,v. Battery Park City Auth.*, 2019 WL 6498711, at *13 (S.D.N.Y. Dec. 3, 2019) (no inference of discrimination where both plaintiff and her replacement were over 40); *Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008) ("Although [Plaintiff] alleges that she was replaced by a younger [inexperienced] employee, this, without more, is not enough to survive a motion to dismiss.");

*Epstein*, 2015 WL 5038344, at *18-19 (Seybert, J.) ("Plaintiff's allegation that 'a younger individual' was appointed … is insufficient to support an inference of age discrimination."); *see also Bohnet v. Valley Stream Union Free Sch. Dist.* 13, 30 F. Supp. 3d 174, 180-81 (E.D.N.Y. 2014), aff'd, 594 F. App'x 53 (2d Cir. 2015) (finding plaintiff's allegation "that she applied for many positions in the District while she was over the age of forty and that the District did not hire her for those positions but hired younger individuals under the age of 40" insufficient to plead ADEA claim).

Some Plaintiffs claim that because they were terminated after an executive visited their center, they must have been discriminated against based on age. *See* Compl. ¶ 136 (Plaintiff Boniol alleging that "[D]efendants' CEO Tom Shannon visited his bowling center [at an unspecified date] and thereafter Mr. Boniol's employment was terminated without reason."); ¶144 (Plaintiff Chase alleging that she was terminated **six months** after Mr. Shannon visited her center); ¶ 148 (Plaintiff Clark alleging that Mr. Shannon visited his center on an unidentified date and that he was terminated on September 11, 2013). Aside from being nonsensical, these allegations of an uneventful visit by an executive do not give rise to ***any*** inference of age discrimination.

Still other Plaintiffs allege they were "managed out" following increased scrutiny over their work after their center was acquired by one of the Defendants.[1] Plaintiffs' allegations of "managing out" are premised upon a conclusory allegation of "a company-wide policy of 'managing out' whereby Defendants placed such additional burdens on their duties, wrongly accused them of bad conduct, or imposed upon them unreasonable schedules that would provide management with 'justification' to terminate their employment." *See, e.g.*, Compl. ¶ 228.e. However, even assuming any Plaintiff was "managed out," Plaintiffs offer no allegation that they were "managed out" because of their age. *Hill v. Bloomberg L.P.*, 2016 WL 1665599, at *28-29 (S.D.N.Y. Apr. 20, 2016) (denying summary judgment on ADEA claim because "[a]n employer is perfectly free to fire an employee (or to 'manage him out') for any reason, or even for no reason at all, as long as it does not do so for a reason forbidden by law").

Plaintiffs attempt to bypass their pleading burden by pointing to the EEOC's conclusions; however, Courts do not defer to EEOC administrative decisions on legal questions, particularly where, as here, these determinations "are at odds with prevailing caselaw." *Field v. Tonawanda City Sch. Dist.*, 604 F. Supp. 2d 544, 555 (W.D.N.Y. 2009). Moreover, Plaintiffs' allegations as to the EEOC's findings are even more conclusory than their own.

### III.   Plaintiffs Impermissibly Group Plead

The Complaint must also be dismissed because it fails to advance particularized allegations as to any Defendant such that Plaintiffs do not put Defendants "on notice of the particular claims and the grounds for the claims asserted against them." *Automated Transaction LLC v. New York Cmty. Bank*, 2013 WL 992423, at *13 (E.D.N.Y. Mar. 13, 2013) (Seybert, J.). Here, Plaintiffs have not even alleged which Defendant purportedly discriminated against them. "Based on the[] exceedingly vague allegations as to the identities and roles of the various [D]efendants, a

---

[1] *See, e.g.*, Boggio (¶ 134); DeVita (¶ 158); Cox (¶150); Cramton (¶ 152); Hoerner (¶ 174); Hoggatt (¶ 176); Julian (¶ 180); Klosiewski (¶ 190); Kittidumrongkool (¶ 188); Marino (¶ 196); MaCracken (¶ 194); Martinez (¶ 198); McBride (¶ 200); Meinhofer (¶ 202); Nelson (¶ 204); Nichols (¶ 206); Reed (¶ 220); Sass (¶ 228); Snyer (¶ 242); Tanase (¶ 248); Van Gilder (¶ 254); Van Wart (¶ 256); Waite (¶ 260); Woodward (¶ 268).

reasonable inference cannot be drawn" as to liability for each such that the claims must be dismissed under Rule 12(b)(6). *Saphirstein v. Mauzone Mania LLC*, 2017 WL 3278893, at *7-8 (E.D.N.Y. July 31, 2017).

### IV. Plaintiffs Have Not Sufficiently Pled Personal Jurisdiction

Dismissal is warranted under Rule 12(b)(2) because most Plaintiffs fail to meet their burden to show that personal jurisdiction exists over Defendants Bowlero and AMF. Plaintiffs "bear[] the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). As the Complaint acknowledges, Defendant Bowlero is a Delaware corporation headquartered in Virginia, *see* Compl. ¶ 78, Defendant Bowlmor is a Delaware corporation headquartered in New York, *see id.* ¶ 79, and Defendant AMF is a Virginia subsidiary of Defendant Bowlero, *see id.* ¶ 80. While these allegations make Defendant Bowlmor an in-state Defendant subject to general personal jurisdiction in this Court, Defendants Bowlero and AMF (the "Foreign Defendants") are non-resident defendants. Because of Plaintiffs' group pleading, it is not clear which of their claims are directed at Defendant Bowlmor and which are directed to the Foreign Defendants and, in the case of the latter, the Complaint offers no explanation for why the Foreign Defendants should be hailed into this New York Court to answer Plaintiffs' claims.

In assessing specific personal jurisdiction over non-resident defendants, courts first look to the long-arm statute of the forum state. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). In New York, the relevant long-arm statute allows for specific personal jurisdiction over non-domiciliaries only for "cause[s] of action arising from" the non-domiciliary's contacts with New York, including its "transact[ion of] any business" in New York, its commission of "a tortious act" within New York or an act that causes "injury to person or property" within New York, or its real property interests in New York. *See* N.Y. CPLR § 302(a); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007) (listing bases for personal jurisdiction over non-domiciliaries). Sixty Plaintiffs have not alleged any basis for this Court to exercise specific personal jurisdiction over the Foreign Defendants, let alone anything resembling the "articulable nexus" or "substantial relationship" that the Second Circuit requires in such cases. *Best Van Lines*, 490 F.3d at 246. As for the 15 Plaintiffs who do allege a New York connection, *see* Compl. ¶ 121, the Complaint does not permit a precise identification of the 15 Plaintiffs at issue and, again, because of Plaintiffs' impermissible group pleading, it is unclear which Defendant purportedly gave rise to each claim.

Where, as here, multiple plaintiffs are joined in a single action against multiple defendants, each plaintiff must separately plead that a nexus exists "between the defendant and the forum for each claim asserted, regardless of considerations of judicial economy and convenience." *Federal Trade Comm'n v. Quincy Bioscience Holding Co.*, 2022 WL 2440421, at *3 (S.D.N.Y. July 5, 2022). Plaintiffs have not done so.

Respectfully submitted,

/s/  *Hope D. Skibitsky*
Hope D. Skibitsky

cc:     All counsel of record (via ECF)