**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JO ALLOWAY *et al.*,

          Plaintiffs,

        -against-

BOWLERO CORP. *et al.*,

         Defendants.
----------------------------------------------------------------X

                  **MEMORANDUM**
                 **AND ORDER**

       2:24-cv-04738 (SJB) (JMW)

**A P P E A R A N C E S:**

   **Daniel W. Dowe**
   **Janet Dowe**
   Dowe Partners LLC
   42 Forest Lane
   Bronxville, NY 10708
   *Attorneys for Plaintiffs*

   **Alex Spiro**
   **Daniel Sisgoreo**
   **Hope Delaney Skibitsky**
   Quinn Emanuel Urquhart & Sullivan, LLP
   51 Madison Avenue
   New York, NY 10010
   *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

     Plaintiffs, a collective group of 75 individuals, commenced this action on July 8, 2024

against Defendant Bowlero Corp., AMF Bowling Centers, Inc., and Bowlmor AMF Corp.

(collectively, "Defendants") asserting claims under the Age Discrimination in Employment Act

("ADEA") for their alleged unlawful termination on the basis of their age, or in retaliation for

opposing Defendants employment practices. (*See generally* ECF Nos. 1; 47.)  Before the Court is

Defendants' second motion to stay discovery pending their anticipated motion to dismiss the

1

Second Amended Complaint ("SAC"). (ECF Nos. 51-53.)  For the following reasons, the Court

finds that a continued stay of discovery is warranted, and thus Defendants' motion is

**GRANTED**.

**BACKGROUND**

The Court assumes the parties' familiarity with the background and procedural history of

the case as articulated in the undersigned's Memorandum and Order dated November 18, 2024

granting Defendants' first motion to stay discovery after determining Defendants plausibly

alleged that Plaintiffs' claims were likely time-barred and insufficiently pled under the ADEA, in

addition to considering the extreme burden of discovery on Defendants coupled with the lack of

prejudice to Plaintiffs. (ECF No. 39.) Plaintiffs filed their SAC on February 17, 2025 (ECF No.

47) and the Court vacated the initial stay of discovery the very next day. (Electronic Order dated

February 18, 2025.)  On February 25, 2025, Defendants filed a letter requesting a pre-motion

conference on their anticipated motion to dismiss the SAC which Plaintiffs oppose. (ECF Nos.

48-49.)[1] Before the Court is Defendants' second motion to stay discovery pending a disposition

of their anticipated motion to dismiss the SAC. (ECF Nos. 51-53; 58.) Plaintiffs oppose the

second motion to stay. (ECF No. 55-57.)

**THE LEGAL FRAMEWORK**

"'[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the cases on its docket with economy of time and effort for itself, for

counsel, and for litigants.'"  *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL

3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254

---

[1] That motion is pending before the Hon. Sanket J. Bulsara, with the briefing schedule in place and to be completed by June 2, 2025. (Electronic Order 03/31/2025.)

(1936)). "Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

It is against this backdrop that the Court considers the present application.

## DISCUSSION

### I. Whether Defendants Have Made a Strong Showing That Plaintiffs' Claims are Unmeritorious

Defendants assert that this Court should renew the stay of discovery because Plaintiffs have "changed almost nothing about their [First Amended Complaint]." (ECF No. 52 at p. 1.) Defendants aver that Plaintiffs "added 32 new paragraphs to their now 857-paragraph complaint, but implemented no revisions that" addressed the deficiencies that led this Court to grant the prior motion for a stay of discovery. (*Id.* at pp. 1-2.) Specifically, Defendants allege that the SAC

does not address: (i) the failure of "at least 64 individual Plaintiffs" to seek timely relief from the EEOC; (ii) the failure to plead age as "a but-for cause of their alleged adverse employment action;" and (iii) the inclusion of deceased plaintiffs that "cannot, as a matter of law, bring a claim." (*Id.* at p. 2.)

A. *Timeliness of the Claims*

To be timely, a charge [with the EEOC] must be filed within 180 days or 300 days of the date on which the plaintiff received notice of her termination . . . .". *Riddle v. Citigroup*, 449 Fed. App'x 66, 69 (2d Cir. 2011). Here, it appears[2] that almost all of Plaintiffs claims were untimely, considering Plaintiffs admit that there were "instances where a Plaintiff filed a COD more than the 180 days or 300 days from the date of termination . . . .". (ECF No. 47 at ¶ 124.) Indeed, Defendants' chart, which notes the days between the adverse action complained of and the COD filing date, also demonstrates that "at least 64 Plaintiffs' claims are untimely."[3] (ECF No. 52 at p. 7.) (citing SAC ¶ 101).

Moreover, contrary to Plaintiffs' assertions, it does not appear that equitable tolling is applicable especially when considering that pretext is not enough to justify the doctrine's application. (*See, e.g.,* ECF No. 47 ¶¶ 106, 109, 123, 140, 145, 163, 173); *see Lugo-Young v. Courier Network, Inc.*, 2012 WL 847381, at *7 (E.D.N.Y. Mar. 13, 2012) ("Even accepting that the 'downsizing' justification was wholly pretextual [as alleged by plaintiff], such conduct does not support equitable tolling.") (collecting cases); *see also Syrkin v. State Univ. of N.Y.* No. 04-

---

[2] In reaching the conclusions set forth herein, the Court considers the arguments made in the parties' pre-motion letters only, without the benefit of fully briefed papers on the motion to dismiss. Any assessment of the merits of the claims and defenses is done merely to consider whether a stay is appropriate and should not in any way be considered as prejudging the motion to be filed before Judge Bulsara.

[3] Defendants also note that they have not conceded that the 300-day statutory clock applies to any claim, instead of the 180-day clock. (ECF No. 52 at p.7 n.7.)

CV-4336 (FB) (RML), 2005 WL 2387819, at *9 (E.D.N.Y. Sept. 29, 2005) (collecting cases finding that equitable tolling does not apply where the reasons provided were pretextual, specifically noting that "[c]ourts have regularly held that the fact that defendants may have provided other reasons for the employment actions does not justify an inference that plaintiff was misled") (citations omitted) (internal quotations omitted).

At this stage, it appears Defendants have made a strong showing that at least a majority of Plaintiffs claims are untimely. Therefore, even if most of the individual Plaintiffs' claims are deemed untimely, the matter would nonetheless proceed as to the remaining Plaintiffs who timely filed their COD with the EEOC.

B. _Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)_

To establish a prima facie case for age discrimination under the ADEA, a plaintiff must show that he or she: (1) was within the protected age group, (2) was qualified for the position; (3) suffered an adverse employment action; and (4) such adverse employment action "occurred under circumstances giving rise to an inference of discrimination." _Woodman v. WWOR-TV, Inc._, 411 F.3d 69, 76 (2d Cir. 2005). In conjunction with these elements, the Supreme Court has made clear that "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." _Gross v. GBL Fin. Servs._, 557 U.S. 167, 177 (2009) (noting that the ADEA mandates that age be a but-for cause, rather than "simply a motivating factor"). Such a "but for" requirement extends to retaliation claims as well. _Lively v. WAFRA Inv. Advisory Grp., Inc._, 6 F.4th 293, 304 (2d Cir. 2021) ("ADEA retaliation claims likewise require proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.") (internal quotations omitted).

Here, it appears that Plaintiffs fail to meet the but-for causation requirement set forth under the ADEA and have failed to cure the deficiencies originally noted in the initial motion to stay discovery. (*See* ECF No. 52 at p. 9.) Plaintiffs contend that they do not need to show a "but for" cause for firing the plaintiffs, but instead need only show that the employer took adverse action "at least in part for a discriminatory reason" (ECF No. 55 at p. 13.) Such is not the standard as age must be pled as a "but for" cause. *See Marcus v. Leviton Mfg. Co.*, 661 Fed. App'x 29, 32 (2d Cir. 2016). Rather than do so, Plaintiffs offer merely conclusory statements that "Defendants terminated [plaintiff]'s employment because of his [or her] age". (*See e.g.,* ECF No. 47 at ¶¶ 179, 269, 278, 341, 385, 455, 482); *Payne v. Malemathew,* No. 09-CV-1634, 2011 WL 3043930, at *2 (S.D.N.Y. July 22, 2011) (determining plaintiffs "entirely conclusory statement[s]" that he was terminated on the basis of his age, coupled with his failure to "allege facts relating to age," warranted a dismissal of the ADEA claim).

Moreover, Plaintiffs contend that they were never criticized about job performance, many had been in their positions for 20-30 years, and most had received accolades and awards for strong work performance. (ECF No. 55 at p. 14.) Notwithstanding, as Plaintiffs maintain, individuals were terminated shortly after Defendant Bowlero acquired the bowling centers and, to explain their termination, Defendants proffered a "litany of excuses" to hide the fact that Defendants took an adverse action against Plaintiffs for discriminatory reasons based on age. (*Id.*) Such an argument, however, runs contrary to Plaintiffs' SAC which indicates that *other* reasons existed for termination irrespective of age like a general reduction in the workforce (ECF No. 47 at ¶ 604) and unexpected visits from corporate executives to monitor company productivity and performance. (ECF No. 47 at ¶¶ 225, 260, 524, 578, 742). Such alternative grounds

for termination ordinarily do not support a finding of age discrimination. *See Ostrowski v. Port Authority of New York and New Jersey*, No. 32-1116, 2024 WL 3219310, at *4-5 (2d Cir. June 28, 2024).

Accordingly, it appears that Defendants have, once again, made a strong showing that Plaintiffs' ADEA claims are unmeritorious notwithstanding the amendments to the pleading.

C. *The Impact of the Deceased Plaintiffs*

On November 20, 2024, Plaintiffs represented to the Court[4] that they "would amend their pleadings to substitute certain deceased Plaintiffs (who cannot, as a matter of law, bring a claim) with those decedent's correct representatives." (ECF No. 52. at p. 2) (citing ECF No. 41 at p. 3). Defendants contend this amendment has not happened and, therefore, claim that Plaintiffs "Tuttle, Marino, Wait, Bozzo, and Serignano must be dismissed for the additional reason that they are improper parties." (ECF No. 52 at p. 11.)  Here, it is unclear who, if anyone, represents the interests of the deceased plaintiffs because their estates have not been added as parties. The only reference made to the involvement of these estates was made, in passing, by Plaintiffs in their premotion letter. (*See* ECF No. 41 at p. 3)

Such a statement cannot suffice, especially when the SAC also failed to add the estates of these deceased plaintiffs. *See* Fed. R. Civ. P 25. ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed*.") (emphasis added); *see also Fezzani v. Bear, Stearns & Co. Inc.*, No. 99

---

[4] Plaintiffs' Counsel stated: "As for the deceased parties, we regret that neither Janet Dowe nor Daniel Dowe saw or responded to Ms. Skibitsky's inquiry. Dowe Partners has been retained by the Estates of Donald Tuttle, Patrick Marino, Janice Waite, Anthony Bozzo and Michael Serignano. We have obtained confirmation of same from all parties. We respectfully request that the court permit us to amend our complaint to properly name the estates as Plaintiffs." (ECF No. 41 at p. 3.)

CIV. 0793 (PAC), 2023 WL 2612454, at *5 (S.D.N.Y. Mar. 23, 2023) ("While not a jurisdictional bar, Rule 25 dictates that a Court is required to dismiss a deceased party absent a timely substitution."). The 90-day clock on a motion for substitution does not begin to run until that formal statement. *Mandarino v. Mandarino*, 257 F.R.D, 394, 395 (S.D.N.Y. 2009).

Not only has the Court yet to receive a service of a statement noting the death, but also nothing presented to the Court indicates that the estates are currently being represented. *Fezzani*, 2023 WL 2612454 at *5 (rejecting the parties' contention that "a handful of footnotes in letters and docket entries acknowledging" the death of certain parties would suffice, "as they constitute no more than 'simple statement[s] that a party has died.") (modification in original) (internal citation omitted). Moreover, this Court may be unable to hear the case regarding those specific plaintiffs without the inclusion of a personal representative for these estates given that "federal courts do not have the power to issue advisory opinions." *Est. of DiGiacomo v. Lentz*, No. 03 CIV. 6724 (MGC), 2004 WL 66690, at *1 (S.D.N.Y. Jan. 14, 2004) ("Under New York law, an estate without a personal representative is not an entity that can bring a wrongful death claim or a survival claim.").

At this juncture, therefore, it appears the Court cannot adjudicate the rights of these deceased plaintiffs without a proper party being joined to represent their interests.

## II.   **Breadth of Discovery and the Corresponding Burdens**

The breadth and corresponding burdens of discovery in this case favor a stay because the parties could not only avoid substantial hardship, but also prevent a waste of precious resources by staying discovery pending the outcome of the motion to dismiss. Here, Defendants are correct that the allegations span at least as far back as 2013, even if the Plaintiffs opportunistically claim they would prefer to focus on a 24-month period. (*See* ECF No. 47 at pp.

25-26.)  Moreover, discovery in this case would entail 76 different Plaintiffs in different locations, different supervisors, and different reasons for their termination. Indeed, a scope of discovery that likely spans more than a decade militates in favor of a stay of discovery. *See O'Reilly v. Incorporated Village of Rockville Centre*, No. 23-cv-04249 (NCM) (JMW), 2024 WL 2054868, at *7 (E.D.N.Y. May 8, 2024) (determining, where the specific disputes dated "as far back as 2014, it would be especially prudent to reserve any discovery until after the motion to dismiss [was] decided.").

Similarly, the multitude of parties and variety of claims with "no common factual core" weigh in favor of granting the stay. *See Daly v. Incorporated Village of Port Jefferson*, No. 2:23-cv-09179 (GRB) (JMW), 2024 WL 730497, at *3 (E.D.N.Y. Feb. 21, 2024) (finding that discovery would be "protracted and expensive" as multiple parties were involved, the parties were from different locations, and the claims arose out of a variety of incidents and actions, rather than "based upon a single incident giving rise" to the claim). Lastly, considering all defendants seek to dismiss the entirety of the SAC, a stay is appropriate. (*See* ECF No. 48 at p. 1); *see also Romain v. Webster Bank NA.,* No. 23-cv-5956 (NRM) (JMW), 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety by Judge Morrison as requested"); *see also Fiordirosa v. Publr. Clearing House, Inc.,* No. 21-CV-6682 (PKC) (JMW), 2022 WL 3912991, at *3 (E.D.N.Y. Aug. 31, 2022) (granting defendant's motion to stay where, among other factors, a ruling on the motion to dismiss could "dismiss the Amended Complaint entirely").

Therefore, given the exorbitant burden associated with discovery, and in the interest of judicial economy, a stay is warranted.

### III.     **Risk of Unfair Prejudice**

At this stage, it appears that a continued stay would not result in any material prejudice to Plaintiffs. Any alleged prejudice resulting from a delay can be attributed directly to Plaintiffs who waited nearly a decade before commencing the action. *See O'Reilly v. Inc. Vill. Of Rockville Ctr.*, 2024 WL 2054868, at *7 (concluding that plaintiff would suffer no prejudice from granting a motion to stay where "any delays in the case thus far have resulted from Plaintiff's own decision to wait years to commence this action when they were fully equipped with the information since at least November 2018"). Additionally, despite there being a Second Amended Complaint, this case is still in its nascent stage. No discovery on the SAC has commenced yet, largely in part because, "the parties conferred regarding formulation of a discovery plan but could not come to terms, in part because Defendants articulated their intention to once again seek a stay of all discovery pending resolution of their anticipated motion to dismiss." (ECF No 52 at p. 4); *see Amron v. 3M Minnesota Mining & Manuf Co.,* No. 23- CV-08959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (holding that a stay would not result in any material prejudice to plaintiff where a discovery schedule has not been set, discovery has not begun, and depositions have not been taken).

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 51) is **GRANTED**. In the event the motion to dismiss is denied – in part or in full – the parties are directed to meet and

confer and file a joint proposed schedule for discovery within 10 days of the ruling on the motion to dismiss.

Dated: Central Islip, New York
      April 28, 2025

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge