**FILED**
**CLERK**

**2/23/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JO ALLOWAY *et al.*,

             *Plaintiffs,*


         -against-


BOWLERO CORP. *et al.*,

            *Defendants.*
-------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

2:24-cv-04738 (SJB) (JMW)

**A P P E A R A N C E S:**

    **Daniel W. Dowe**
    **Janet Dowe**
    Dowe Partners LLC
    42 Forest Lane
    Bronxville, NY 10708
    *Attorneys for Plaintiffs*

    **Alex Spiro**
    **Daniel Sisgoreo**
    **Hope Delaney Skibitsky**
    Quinn Emanuel Urquhart & Sullivan, LLP
    51 Madison Avenue
    New York, NY 10010
    *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiffs, a collective group of seventy-six individuals,[1] commenced this action on July 8, 2024 against Defendant Bowlero Corp., AMF Bowling Centers, Inc., and Bowlmor AMF Corp. (collectively, "Defendants") asserting claims under the Age Discrimination in

---

[1] Only eight of the seventy-six original Plaintiffs remain following a motion to dismiss. *See Alloway v. Bowlero Corp.*, No. 24-CV-04738-SJB-JMW, 2025 WL 3145061, at *12 (E.D.N.Y. Nov. 10, 2025). Plaintiffs Thomas Tanase and Andrew Weimer are the two remaining Plaintiffs not subject to the Arbitration Agreements and take no position on the current stay application.

1

Employment Act ("ADEA") for their alleged unlawful termination on the basis of their age, or in retaliation for opposing Defendants' employment practices. (*See generally* ECF Nos. 1, 47.) Twice before the Court granted Defendants' prior motions to stay discovery pending motions to dismiss, *Alloway v. Bowlero Corp.*, No. 24-CV-04738-SJB-JMW, 2024 WL 4827752 (E.D.N.Y. Nov. 18, 2024), and Second Amended Complaint. *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185 (E.D.N.Y. Apr. 28, 2025).

Before the Court is Defendants' third motion to stay discovery (ECF No. 78), this time pending a decision on their motion to compel arbitration currently pending before the Hon. Sanket J. Bulsara. For the following reasons, Defendants' motion to stay (ECF No. 78) is **GRANTED**.

## **BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural background of the case as articulated in Judge Bulsara's November 10, 2025 Memorandum and Order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint. *See Alloway v. Bowlero Corp.*, No. 24-CV-04738-SJB-JMW, 2025 WL 3145061, at *12 (E.D.N.Y. Nov. 10, 2025). Shortly after Judge Bulsara's November 10, 2025 Memorandum and Order, the parties appeared for a conference before the undersigned when discovery dates were set. (Electronic Order dated November 24, 2025.)

On December 2, 2025, Defendants served their motion to compel arbitration of six of the remaining eight Plaintiffs: Michelle Gaskey, Joseph Kelly, Paul Nilsen, David Reese, Matthew Schneider and Tracy Schneider ("Arbitrable Plaintiffs"). (ECF No. 70.) Judge Bulsara then entered a briefing schedule on Defendants' motion to compel arbitration on December 19, 2025, directing that all motion papers be bundle filed on the docket on January 19, 2026 which the

parties have since done. (*See* ECF Nos. 82-88.) Defendants filed their third motion to stay discovery on January 7, 2026 (ECF No. 78), opposition was filed on January 24, 2026 (ECF No. 89) and Defendants filed their reply on January 30, 2026 (ECF No. 91).

## THE LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). A stay of discovery is warranted only upon the moving party must make a showing of "good cause". *Alloway*, 2025 WL 1220185, at *1 (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). In evaluating whether a stay of discovery is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Mossiah v. Mulligan Security LLC*, No. 25-CV-04561 (JAV), 2025 WL 3478844, at *1 (S.D.N.Y. Dec. 3, 2025) (applying the "traditional three-factor test [for] evaluating motions to stay discovery" to a motion to stay pending motion to compel arbitration); *Oestreicher v. Equifax Information Servs., LLC*, 2023 WL 3819378, at *1 (E.D.N.Y. June 5, 2023) (applying the "three-factor test" to a motion to stay discovery pending a motion to compel arbitration).

"Courts differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss. That is, in cases where a stay is

3

sought pending a motion to compel arbitration, the courts in this Circuit have stayed without even considering the three-factor test." *Alvarez v. Experian Info. Solutions, Inc.*, No. 2:19-CV-03343 (JS) (JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021). Indeed, "[a] stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Id.*

Here, the circumstances warrant a stay pending the motion to compel arbitration and consideration of the three factors weighs in favor of a stay as well.

## DISCUSSION

### I. Whether Defendants Have Made a Strong Showing That Plaintiff's Claims are Unmeritorious[2]

Defendants assert that a stay ought to be imposed because the motion to compel arbitration will likely be granted and the Arbitrable Plaintiffs will be forced to arbitrate. (*See* ECF No. 79 at pp. 8-9.) When determining "whether claims are subject to arbitration, a court must consider (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011); *Scott v. JPMorgan Chase & Co.,* 603 Fed. App'x. 33, 35 (2d Cir. 2015).

*First*, it appears that each Arbitration Agreement that the Arbitrable Plaintiffs entered into is valid and enforceable. Defendants supply the Court with the signed arbitration agreements coupled with an affidavit from Defendants' most senior human resources professional, Heather Webb, attesting to the validity of the agreements and signatures. (ECF Nos. 84-1; 84-6; 88-1.) Moreover, in each Arbitration Agreement, each Arbitrable Plaintiff agreed that they "entered into the Agreement voluntarily" after "carefully read[ing]" the agreements. (*See* ECF Nos. 84-1, 84-

---

[2] In considering the present motion, the Court is basing the analysis solely upon the arguments in the motion papers on the motion to stay which is not intended to prejudge the motion to compel arbitration in any way which will be considered and ruled upon by the Hon. Sanket J. Bulsara.

2, 84-3, 84-4, 84-5, 84-6.) Although Plaintiffs argue that the signatories do not recall signing the agreements (ECF No. 89 at p. 9), "a mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid—especially in the absence of any evidence that the document was fabricated." *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 528 (S.D.N.Y. 2015). Nothing presented at this juncture indicates that the agreements were fabricated.

Furthermore, Plaintiffs maintain that that there is a lack of consideration to support the arbitration agreement. (ECF No. 89 at p. 10.) This argument fails to consider cases in the Second Circuit that have consistently held that mutual agreements to arbitrate are sufficient consideration for a valid arbitration agreement. *See Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 104 (E.D.N.Y. 2015) (discussing that mutual promises to arbitrate are sufficient consideration for an arbitration agreement); *see also Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 452 (2d Cir. 1995) (explaining that, although other consideration can support an arbitration agreement, "mutual promises to arbitrate could constitute sufficient consideration to support an arbitration agreement . . . ."); *see also Marciano v. DCH Auto Grp.,* 14 F.Supp.3d 322, 337 (S.D.N.Y.2014) ("Even if Plaintiff was correct that Defendants did not promise to hire or to consider hiring her in exchange for signing the Arbitration Agreement, the Agreement by itself contains sufficient consideration because, as discussed, it mutually binds both parties to submit claims exclusively to arbitration." (collecting cases)). Here, the arbitration agreement established a mutual agreement between the parties to arbitrate claims for employment discrimination brought under the ADEA, thereby sufficing for consideration to support each Arbitration Agreement.

Accordingly, at this stage it appears that the Arbitrable Plaintiffs each knowingly and voluntarily signed each Arbitration Agreement which waived their right to bring the subject

claims in court and because the signatures were effectuated with knowledge and assent, the Arbitration Agreements are valid and enforceable. (*See* ECF No. 79 at p. 5.)

*Second*, it appears that the parties' dispute falls within the scope of the Arbitrations Agreements. Here, each Arbitrable Plaintiff brings their claim for employment discrimination under the ADEA. (*See* ECF No. 47 at ¶¶ 33; 46; 53; 57-58; 78.) Each respective Arbitration Agreement, which each Arbitrable Plaintiff voluntarily signed, reads in relevant part: "The claims covered by this Arbitration Agreement include . . . claims for discrimination or harassment, including but not limited to, any federal or state civil rights laws, ordinances, regulations or orders, based on charges of discrimination or harassment on account of . . . age[.]" (ECF Nos. 84-1; 82-2; 84-3; 84-4; 84-5; 84-6 at § 1.) Therefore, since the Arbitrable Plaintiffs brought claims for age discrimination, each Arbitration Agreement covers their claims. Accordingly, because each Arbitration Agreement is valid and enforceable and covers the claims brought by the Arbitrable Plaintiffs, the Court finds that at this juncture Defendants' motion to compel arbitration will succeed.

## II.    **Breadth of Discovery and the Corresponding Burdens**

The breadth and corresponding burdens of discovery in this case favor a stay because the parties could not only avoid substantial hardship but also prevent a waste of precious resources by staying discovery pending the outcome of the motion to compel arbitration. *See Oestreicher*, 2023 WL 3819378, at *2. Here, the allegations of discrimination, retaliation, and lawful discharge as to the Arbitrable Plaintiffs span as far back as 2013 and 2017. (ECF No. 47 at ¶¶ 430, 546, 604, 639, 647, 823.) Discovery into each of these Arbitrable Plaintiffs spanning back as far as a decade would involve obtaining information from different supervisors in various of Defendants' locations across the country who all had different reasons for terminating the

Arbitrable Plaintiffs. Such a limited "common factual core" counsels in favor of granting the stay. *See Merida Capital Partners III LP v. Fernane*, No. 25-cv-01235 (JAV), 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025) (granting motion to stay pending motion to compel arbitration where breadth of discovery was "likely voluminous" considering the need to obtain information from a multitude of entities containing differing information); *see also Marsh & McLennan Agency LLC v. Williams*, No. 22-CV-8920 (JPC), 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023)

Therefore, given the breadth and scope of the burdens likely associated with discovery, and in the interest of judicial economy, a stay is warranted.

### III.    Risk of Unfair Prejudice

At this stage, it appears that a stay would not result in any material prejudice to the Arbitrable Plaintiffs. Though the case commenced on July 8, 2024, little to no discovery has occurred given the prior motions to stay being granted and Judge Bulsara's Memorandum and Order dismissing a multitude of plaintiffs. In fact, a discovery schedule was formally entered on November 24, 2025, providing, *inter alia*, the Rule 26(a)(1) disclosures be exchanged by January 16, 2026 and the close of fact discovery is June 1, 2026. Because limited discovery has taken place, this fact weighs in favor of granting the stay. *See Armstrong v. Hempstead Union Free School District*, No. 25-cv-03611 (RPK) (JMW), 2025 WL 3440499, at *6 (E.D.N.Y. Dec. 1, 2025) (granting a stay where "no discovery ha[d] taken place" considering the deadline for initial disclosures had not expired). Nor does it appear that proceeding with discovery as to the plaintiffs that did not sign an arbitration agreement, Thomas Tanase and Andrew Weimer, would implicate or involve the Arbitrable Plaintiffs because, as noted above, the reasons for discrimination, involvement of certain supervisors, and geographical location of Defendants'

venues are all uniquely distinct to each Plaintiff. *See Oestreicher*, 2023 WL 3819378, at \*2 (granting motion to stay pending motion to compel arbitration considering discovery would be able to proceed against the plaintiffs not subject to arbitration, a fact "which mitigates the risk of unfair prejudice"). Lastly, considering the motion to compel arbitration has been fully briefed before Judge Bulsara since January 19, 2026, a stay of discovery pending that decision will likely not be for long. *See Dome Technology, LL Cv. Golden Sands General Contractors, Inc.*, 2017 WL 11577923, at \*2 (D. Conn. July 24, 2017) (granting motion to stay pending motion to compel arbitration where a decision on the motion to compel would be "quickly resolve[d]").

In sum, all three factors weigh in favor of granting a stay.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay (ECF No. 78) is **GRANTED**. In the event the motion to compel arbitration is denied, the parties are directed to meet and confer and file a joint proposed schedule for discovery within 10 days of the ruling on the motion to compel arbitration. The parties are directed to proceed with discovery as to Plaintiffs Tanase and Weimer in accordance with the Court's November 24, 2025, discovery schedule.

Dated: Central Islip, New York
      February 23, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8